[Civ. No. 5675. Second Appellate District, Division One.—December 6, 1929.]

JACK E. CLOYD COMPANY, Respondent, v. FRED J. TABER et al., Defendants; EMMA E. TABER et al., Appellants.

Frank F. Oster for Appellants.

Jones, Hoyt & Rifkind for Respondent.

YORK, J.—This is an appeal from a judgment in favor of the plaintiff. In the month of May, 1924, a representative of plaintiff company observed a "Will-build-to-suit-tenant" sign upon a lot at Temple Street and Burton Way in the city of Los Angeles, owned by defendant Emma E. Taber, which sign directed all inquiries regarding said lot be addressed to Lewelleyn J. Smith. On May 28th, as a culmination of discussion between plaintiff company and defendant Smith, an agreement was executed by them authorizing plaintiff to negotiate a lease for ten years upon a proposed theater building to be erected by Smith upon said lot, on a rental basis satisfactory to said Smith and the lessee. This agreement provided: "And for and in consideration of services which the Jack E. Cloyd Company may render in the negotiation of said lease or upon our closing the aforesaid lease with party or parties with whom the Jack E. Cloyd Company have had negotiations, we agree to pay the regular Realty Board commission at the time the plans and specifications are approved and accepted by the Lessee."

Thereafter, on June 4, 1924, an agreement to build and lease was executed by said Smith, as builder, and Messrs. Sobelman and Balk, as lessees, in which it was agreed that a theater building to cost $50,000 should be erected upon the lot in question, and that the lessees would execute a lease for ten years at an aggregate rental of $142,800 for said term. It appears that the regular realty board commission at the time this agreement was executed was three per cent upon the sum of $64,800, the amount of rental payable for the first five years of the term, or the sum of $1944, and two per cent upon the sum of $78,000, the aggregate amount of rental payable during the second five years, or $1560, making a total of $3,504 commission, which amount subsequently, to wit: During the months of July, August and September, 1924, was paid to the plaintiff company by defendant Smith, who was given a receipt in full payment of all commissions due to said plaintiff under the agreement to lease.

It also appears that unknown to the plaintiff, defendant Smith entered into an agreement with the lessees, Sobelman and Balk, whereby the latter agreed to a material increase

in the cost of the building, resulting in an increase in the amount of rental payable during the term of the lease.

On November 10, 1924, the lessees Sobelman and Balk and Emma E. Tabor, as owner and lessor, entered into a lease of the said theater building, the same to run for ten years at an aggregate rental of $171,600, of which amount $75,600 covered the first five years and $96,000 the last five years of the term. Some six months thereafter, the matter of the increase in cost of the building and the consequent increase in the amount of rentals, was brought to the attention of the plaintiff company. The company thereupon made demand upon Smith for commission upon the difference between the amounts shown by the agreement to build and lease and those shown to be payable under the lease of November 10, 1924, and payment thereof being refused, action was brought to recover the sum of $756. Judgment was rendered in favor of plaintiff company for this amount, but upon hearing of motion for a new trial, which was denied as to the appellants here, the court reduced the judgment to $684, an error in computation having been made in arriving at the amount sued for. Interest from November 10, 1924, was also included in the judgment as modified.

Appellants now contend that under the contract of employment upon which plaintiff bases its action it has earned only the sum of $3,504, which has been fully paid, and that it is not entitled to any further compensation; that the plaintiff's claim being disputed and unliquidated, plaintiff is not entitled to recover any interest, and that defendant Smith acted as agent only for Taber, the owner, and no personal liability attached to him on account of commissions.

It is conceded by appellants that the amount of a broker's commission is determined by the terms of his contract of employment. Here the contract of employment provided that the broker should receive the regular realty board commission for services rendered in *negotiating a lease or upon the closing of a lease* with parties with whom the broker had negotiations.

Upon a careful examination of the record we are convinced that the document of November 10, 1924, was the only binding and enforceable lease that was executed between the owner and lessor of the building and the lessees thereof,

and that the plaintiff, having brought the parties together, is entitled to the regular realty board commission based upon the rentals as provided for in the lease. ▮ While plaintiff's claim is being disputed, it is not incapable of computation, for the lease specifically sets forth the amount of rental to be paid during the entire term, and it was upon the basis of such rentals that the commission was to be paid according to the schedule of the realty board. Therefore plaintiff is also entitled to interest as found by the trial court.

▮ As to the third point, the trial court found that defendant Smith was at all times the duly appointed, authorized and acting agent of his co-defendants Fred J. Taber and Emma E. Taber, and as such agent, as well as in his own behalf, entered into a written contract under date of May 28, 1924, whereby the said defendants employed the plaintiff as a broker, etc. As to the appellants, there is sufficient evidence in the record to support this finding. The contract referred to is signed by Smith, and in it he refers to the fact that *he and his associates* contemplated the erection of a theater building. The evidence conclusively shows that he was the builder; that he was employed by the owners, but upon a cost-plus basis, and that he was vitally interested in the cost of the building, which served as a basis for the computation of rentals payable during the term of the lease.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.